UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER and<br><br>MEGAN PHELPS-ROPER,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF ST. CHARLES, MISSOURI,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  No. 4:11-cv-111<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Introduction

1. Shirley L. Phelps-Roper and Megan Phelps-Roper (hereinafter "Plaintiffs") are United States citizens and members of Westboro Baptist Church (hereinafter "WBC") whose sincerely held religious beliefs, practices, and duties, compel them to peacefully picket in public fora, such as sidewalks, near certain funerals. Plaintiffs have participated in such expressive and religious activities throughout the United States and desire to be able to do so within the City of St. Charles, Missouri, as WBC members have in the past, and do so without fear of being arrested, prosecuted, and fined for engaging in constitutionally protected activities.

2. Defendant City of St. Charles, Missouri (hereinafter "Defendant") enacted Bill No. 10389, to be codified as *§ 131.50 of the Code of Ordinances of City of St. Charles* (hereinafter "*§ 131.50*") on January 18, 2011, to be effective immediately.

3. As a result of Defendant's enactment of *§ 131.50*, Plaintiffs are chilled from exercising their protected speech, assembly, and religious rights within the City of St. Charles. Plaintiffs are irreparably harmed by virtue of this violation of their *First* and *Fourteenth Amendment* rights and under Missouri law.

1

4.	Additionally, *§ 131.50* is an over-broad restriction on the *First Amendment* speech rights of others not before this Court, who Plaintiffs claim are chilled from exercising those rights.

## Jurisdiction and Venue

5.	This Court has jurisdiction under *28 USC §§ 1331, 1343, 2201* and *42 USC § 1983*.

6.	This Court has jurisdiction over the state law claim through *28 U.S.C. § 1367(a)*.

7.	Venue is proper in this Court pursuant to *28 USC § 1391(b)* and *E.D. Mo. L.R. 2.07(A)(1)*.  Defendant is a municipal government located in St. Charles County, Missouri.

## Plaintiffs and their Pickets

8.	Plaintiffs are residents of Topeka, Kansas.  They are members of WBC, which follows Primitive Baptist and Calvinist doctrines and believe that homosexuality is an abomination, integrally related to idolatry, and indicative of the final reprobation of individuals; it follows, according to their beliefs, that society's acceptance of homosexuality not only invites, but provokes divine judgment.  More specifically, they believe that God is punishing America for the sin of homosexuality and other policies that they believe promote sin by killing Americans, including Soldiers, Sailors, Airmen, and Marines (hereinafter "soldiers").  Because of God's omnipotence, which can cause or prevent tragedy, they believe that when misfortune strikes it is his wrath.  Plaintiffs and other WBC members have long expressed their religious views by engaging in picketing.  They have picketed at churches, theaters, parades, colleges, government buildings, religious conventions, and various other public events that they view as promoting homosexuality, idolatry, and other sin.  For many years, they have also picketed near funerals of gay persons, persons who died from AIDS, people whose actions while alive supported homosexuality and other activities they consider proud sin, and people whose lifestyles they believe to be sinful but who are touted as heroic upon their death.  Plaintiffs' pickets are not disruptive or undertaken to disrupt or disturb a funeral or burial service.

9. Plaintiffs' purpose of picketing near funerals is to use an available public platform to publish their religious message that God's promise of love and heaven for those who obey him in this life is counterbalanced by his wrath and hell for those who do not. The funerals of soldiers, in Plaintiffs' view, have become an internationally watched platform where the question of whether God is cursing or blessing America is being publically discussed. Plaintiffs and WBC believe that scriptures teach that soldiers who die on the battlefield for a nation that is at enmity with God cannot go to heaven. Furthermore, contrary to the views of public figures and the public at large, such individuals are not heroes. Additionally, they observe that the lives, deaths, funerals, and public mourning of soldiers are topics of intense and detailed public discussion, with frequent lengthy media reports and routine commentary by public figures, including elected officials, clergy, military leaders, other leaders, and by members of the public. For this reason, it is imperative to Plaintiffs' faith that the contradictory message from public figures and others on this public topic be balanced with scriptural truth at the time it is being uttered. Further, Plaintiffs and other WBC members believe that funerals, burials, and memorial services are times when the eyes, ears, and hearts of mankind are attending to matters of mortality and eternity. Plaintiffs and WBC believe it is too late for the dead, but not for the living to hear and heed their message. Also, they believe that one of the great sins of America is idolatry in the form of worshiping the human instead of God and that, in America, this has taken the form of intense worship of the dead, particularly soldiers. For all these reasons, the public fora surrounding certain funerals are the only place where Plaintiffs' religious message can be delivered in a timely and relevant manner to those faced with the immediacy of mortality and eternity (i.e., those attending the funeral and to those participating in the public events and displays outside the funeral, as well as the public at large).

10. Defendant City of St. Charles is a political subdivision of the State of Missouri.

11. At all relevant times, Defendant and its officers and agents were acting under color of state law.

**Factual Allegations**

12. On January 18, 2011, Defendant enacted Bill No. 10389, to be codified as *§ 131.50 of the Code of Ordinances of City of St. Charles* (hereinafter "*§ 131.50*"), and to be effective immediately.

13. *Section 131.50(B)(1)* defines "funeral" as "the ceremonies and memorial services held in connection with the burial or cremation of the dead but does not include funeral processions on public streets or highways nor does it include the wake (sometimes referred to as a visitation or vigil)[.]"

14. *Section 131.50(B)(2)* defines "picketing of a funeral" as "protest activities engaged in by a person or persons located within three hundred feet of the premises of a cemetery, mortuary, church or other place of worship or other location during, and which target, a funeral."

15. *Section 131.50(C)* outlaws "unlawful picketing of a funeral," which is defined as when a person "engages in picketing of a funeral during the period from one hour prior to the commencement of any funeral through one hour following the cessation of any funeral."

16. Furthermore, *Section 131.50(D)* states that "[a]ny person who pickets within [*sic*] street or road right of way stay at least three feet from the traveled portion of the street or road."

17. This offense of unlawful picketing of a funeral is a misdemeanor which subjects the violator to "be fined in an amount not exceeding Five Hundred Dollars ($500)." *§ 131.50(E)*.

18. *Section 131.50* was enacted in response to pickets of members of WBC and the

content of those pickets.

19. The purpose of *§ 131.50* is to shield persons who might attend a funeral or memorial service from the content and viewpoint of WBC members.

20. Another purpose for enacting *§ 131.50* was to prevent Plaintiffs and other members of WBC from engaging in constitutionally protected expressive conduct and religious activities within the City of St. Charles, Missouri.

21. WBC members have conducted pickets in the City of St. Charles in the past. Plaintiffs and other WBC members are chilled from doing so in the future, and are therefore deprived of their constitutional and statutory rights, because they fear prosecution, and the imposition of a fine under *§ 131.50* for engaging in constitutionally protected behavior.

## COUNT I

*Section 131.50 is Unconstitutional Under the*
*First and Fourteenth Amendments*

22. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

23. *Section 131.50* is a content-based or viewpoint-based restriction on speech, or both, that does not advance any compelling government interest.

24. *Section 131.50* is not narrowly tailored toward advancement of any significant government interest.

25. *Section 131.50* impermissibly restricts Plaintiffs' assembly and religious practices.

26. *Section 131.50* does not advance any compelling or significant government interest.

27. To the extent *§ 131.50* does serve a significant government interest, it is not narrowly tailored to the service of any significant government interest.

5

28. *Section 131.50* fails to offer open, ample, and adequate channels for the dissemination of Plaintiffs' particular message.

29. *Section 131.50* is substantially overbroad in that it outlaws speech and expressive activity of Plaintiffs and others not before this court that is protected by the *First Amendment* and therefore chills them from exercising those rights.

30. *Section 131.50* is unconstitutionally vague in that it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits, authorizes or encourages arbitrary and discriminatory enforcement, or both.

31. Plaintiffs would conduct future protests by picketing within the City of St. Charles, including near funerals or memorial services, but for their fear of being prosecuted and fined for constitutionally protected activities because of *§ 131.50*.

WHEREFORE, the Plaintiffs pray this Court:

    A. Enter declaratory judgment finding *§ 131.50* facially unconstitutional;

    B. Issue appropriate preliminary and permanent injunctions to prevent the future deprivation of Plaintiffs' and others' constitutional rights;

    C. Award Plaintiffs nominal damages for the deprivation of their constitutional rights during any period in which *§ 131.50* is effective;

    D. Award Plaintiffs' costs, including reasonable attorneys' fees, pursuant to *42 U.S.C. §1988*; and

    E. Allow such other and further relief to which Plaintiffs may be entitled.

## COUNT II

*Section 131.50 Violates Missouri's
Religious Freedom Restoration Act*

30. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the

6

foregoing paragraphs of this Complaint as fully set forth herein.

31. *Section 131.50* restricts Plaintiffs' free "exercise of religion," which is defined by Missouri's *Religious Freedom Restoration Act* (*RFRA*) as "act or refusal to act that is substantially motivated by religious belief, whether or not the religious exercise is compulsory or central to a larger system of religious belief[,]" in that it outlaws their actions of picketing near funerals, which actions are completely motivated by Plaintiffs' religious belief. See *Mo. Rev. Stat. §1.302.2 (RFRA)*.

32. *Section 131.50* is not essential to further a compelling governmental interest.

WHEREFORE, the Plaintiffs pray this Court:

A. Enter declaratory judgment finding *§ 131.50* violates Missouri's *RFRA*;

B. Issue appropriate permanent injunctions to prevent the future deprivation of Plaintiffs' rights;

C. Award Plaintiffs' costs, including reasonable attorneys' fees; and

D. Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION OF
  EASTERN MISSOURI

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

ATTORNEYS FOR PLAINTIFFS